**In the Matter of William Anthony CANNON, Jane McJoynt Cannon, Debtors.**

**William A. CANNON, Plaintiff,**

**v.**

**STATE OF MISSOURI, Defendant.**

**Bankruptcy No. 83–0106(3).**

United States Bankruptcy Court, E.D. Missouri.

Feb. 28, 1983.

Leslie A. Davis, Clayton, Mo., for plaintiff.

Peter Lumaghi, Asst. Atty. Gen., St. Louis, Mo., for defendant.

## MEMORANDUM

JAMES J. BARTA, Bankruptcy Judge.

This matter is before the Court upon the debtors' oral request for an injunction prohibiting the State of Missouri from continuing a non-bankruptcy proceeding. The parties appeared at an expedited hearing on February 14, 1983, and presented oral argument upon the issues.

The voluntary bankruptcy petition here was filed on February 11, 1983. Prior to this filing, the debtor had been named as one of the parties/defendant in a lawsuit filed by the State of Missouri. The Missouri Attorney General, representing the State as plaintiff, was seeking a permanent injunction and other relief pursuant to Section 407.100 and 407.020 R.S.Mo.1978, pertaining to Merchandising Practices. The matter was set as the first case on the docket on February 14, 1983, in the St. Louis County Circuit Court.

At the hearing in the Bankruptcy Court, the debtors announced that they did not object to the entry of a permanent injunction, but requested a finding that all other actions under the state statutes are prohibited by the automatic stay provisions of 11 U.S.C. § 362. The Assistant Attorney General argued that the prosecution in the State Court is in fact an exercise of its police or regulatory power and therefore not subject to the automatic stay, as provided for at 11 U.S.C. § 362(b)(4).

The debtor's argument for not continuing the State Court action is that if a judgment is entered against him in that proceeding, he may be subjected to numerous other lawsuits by individuals with claims similar to those presented by the State of Missouri. This Court must conclude, however, that if the possibility of other suits would result from a State Court judgment, that same possibility would result if a judgment were to be entered under the Merchandising Practices Act by any court of competent jurisdiction.

If the debtor were to suggest that the State Court matter be removed to the Bankruptcy Court for trial over the objections of the State of Missouri, the uncertainty created by the Supreme Court decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Company,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), may require consideration of the Remand provisions pursuant to Rule 7004(j) of the Rules of Bankruptcy Procedure for the Eastern District of Missouri. It should also be noted that the State Court proceeding seeks relief against a corporate entity which is not now subject to the jurisdiction of the Bankruptcy Court. If such jurisdiction could not be obtained in a trial removed to this Court, the State may be required to pursue identical requests for relief in two courts. To require a bifurcated prosecution, or to cause the delay of the action against the corporation as the result of these debtors' bankruptcy proceeding is not in the interests of this estate, or in the interests of judicial economy.

The central question in this matter is whether the State action is an attempt to recover a pre-petition claim against the debtor, or whether it is a police or regulatory proceeding. The filing of a bankruptcy petition does not operate as a stay of the commencement or continuation of a proceeding by a governmental unit to enforce such unit's police or regulatory power. 11 U.S.C. § 362(b)(4). The exception to the

stay as set out at Section 362(b)(4) is to permit a legitimate exercise of the police and regulatory powers of governmental units, without destroying access to the bankruptcy laws for the financially depressed debtor. As an oversimplification of this distinction, it may be stated that the automatic stay will apply to an action which seeks the recovery of money or property, but will not prevent an action to enforce regulatory or police powers. See H.R.Rep. 595, 95th Cong., 1st Sess. 342 (1977), U.S. Code Cong. & Admin.News 1978, 5787.

In the present case, the State of Missouri is attempting to obtain injunctive relief and to obtain an order requiring the debtor "to make restitution to those individuals who have suffered harm or injury because of the unlawful acts..." Debtors' Exh. No. 1, page 2, Para. C. Such action may be authorized by Section 407.100 R.S.Mo., 1978, which states in pertinent part:

> If the court finds that the person has engaged in or is engaging in any method, act, or practice declared to be unlawful by sections 407.010 to 407.130, it may make such orders or judgments as may be necessary, including but not limited to the appointment of a receiver to prevent the use of employment by such person of any prohibited methods, acts, or practices, or which may be necessary to restore to any person who has suffered any ascertainable loss by reason of the use of employment of such prohibited methods, acts, or practices any moneys or property, real or personal, which may have been acquired by means of any method, act, or practice in sections 407.101 to 407.130 declared to be unlawful.

There can be little doubt but that a judgment in an action under Section 407.100 might result in an order directing the debtor to surrender money or property. To the extent that this possibility exists, a lawsuit requesting restoration of monies or property to those parties who may have suffered an ascertainable loss as the result of unlawful merchandising practices is stayed by 11 U.S.C. § 362(a)(1) and (b).

Therefore, the State of Missouri is not prohibited by 11 U.S.C. § 362 from commencing or continuing an action under Missouri Sections 407.100 and 407.020 if the relief requested does not include restitution or a money judgment.

As a practical matter, however, the evidence to establish the basis for injunctive relief will be similar or identical to that which would establish a basis for restitution or a money judgment. Therefore, it would appear likely that in those state cases which include a request for injunctive relief and a request for a money judgment, the Attorney General might decide to suspend the entire prosecution, pending the filing of a request in the Bankruptcy Court for relief from the automatic stay. In most cases, the automatic stay hearing will be conducted on an expedited basis; in the present case, the matter was called on the afternoon of the day on which the oral request was presented.

In response to the Court's finding that a portion of the state proceeding is automatically stayed by federal law, the Attorney General presented an oral request for relief from the stay. Such relief may be granted upon a showing of cause, including a lack of adequate protection of a party's interest in property. 11 U.S.C. § 362(d). For the following reasons, the Court finds that cause exists in this matter: the non-bankruptcy trial had been set on February 14, 1983, as the first matter in the State Circuit Court; that the State Court had agreed to hear the matter later in the week of February 14, 1983, if the bankruptcy question was resolved; that due to the lack of precedent regarding actions under the State Merchandising Practices Act, it is unclear whether or not a judgment against the debtor would include a fixed dollar amount; that the non-bankruptcy court may be required to consider the defendant/debtor's past actions in deciding whether or not an injunction should issue; that the issues are ripe for adjudication in the State Court; that the uncertain jurisdiction of the Bankruptcy Court may result in unnecessarily repetitive litigation if the action under Section 407.100 is not first completed in the State

Circuit Court; that even if the debtor here consents to the entry of a permanent injunction, the determination of the question of the debtor's allegedly unlawful practices would only be delayed, to be heard in a later state proceeding, or in a dischargeability hearing in the federal court; and that the administration of the liquidating Chapter 7 case will not be adversely affected by continuation of the state proceeding. Therefore, the State of Missouri is granted relief from the stay, subject to the conditions set out in the accompanying order.